**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CLAUSSNER HOLDINGS, LLC | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 4:13-CV-256 |
| ROSS MANDEL, LEA MANDEL, and ALL OCCUPANTS | § § § § | |
| *Defendants*. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On August 19, 2013, the United States Magistrate Judge issued his report and recommendation [Doc. #11], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Plaintiff's Motion to Remand [Doc. #6] be granted.

Defendants filed their objections to the report and recommendation on September 5, 2013 [Doc. #12]. Plaintiff filed its response on September 14, 2013 [Doc. #14]. Defendants filed their reply on September 20, 2013 [Doc. #15]. The Magistrate Judge concluded that Plaintiff's claims did not turn on a substantial question of federal law, and that Plaintiff's claims should be remanded. This case is a forcible detainer suit to evict the defendants from the property. The Lewisville Independent School District, later joined by the County of Denton and City of Plano (collectively, the "Local Taxing Authorities"), brought a lawsuit against the defendants for failure to pay real estate taxes on their home. Defendants assert that they were never served with process in the state court lawsuit and were without notice of the threat to their ownership interest

1

in the property. Defendants contend that the Local Taxing Authorities were aware that the defendants were never served with process, but proceeded to obtain a default judgment against the defendants. The property was sold at a sheriff's sale to satisfy the default. Defendants now assert that the plaintiff seeks to take possession of the property by asserting a right to possession based on a void sheriff's deed.

Defendants object[1] to the report and recommendation of the Magistrate Judge, and allege that the Magistrate Judge failed to correctly identify the substantial federal question at issue. Specifically, the defendants assert that the substantial federal question at issue is whether the deed, from which Plaintiff's claim of possession arises, is void or not. Defendants contend that the deed was obtained as a result of a governmental taking in violation of the due process rights of the defendants. Regardless of how the issue was framed by the report and recommendation, it is clear that the Magistrate Judge noted the underlying issue for determination in the forcible detainer suit as whether the defendants were properly served with notice that comports with the due process requirements of the Fourteenth Amendment. The Magistrate Judge looked to a variety of cases to determine whether the answer to that question depended on the interpretation of the Constitution or a federal statute, and found that it did not. Following *Flowers*, a case cited by Defendants, the court will examine Texas statutes and case law to determine if the notice given was sufficient. *See Jones v. Flowers*, 547 U.S. 220, 223 (2006). This case does not rely on the interpretation of the Constitution or a federal statute, and, thus, as the Magistrate Judge found, does not raise a substantial question of federal law. Defendants' objection is overruled.

Defendants object to the statement made by the Magistrate Judge that "[a]ll of Defendants' claims and due process claims arise under state law." Defendants contend that they

---

[1] The only issue addressed in the plaintiff's response to the defendants' objections is that they should not be considered because they were not timely filed. However, this is not correct. Defendants' objections were timely filed. *See* 28 U.S.C. § 636(b)(1)(C); L.R. CV-6(a).

have been resolute in asserting that their federal due process rights have been violated by the taking of their property. It is true that the defendants continue to assert a federal due process claim. However, merely asserting that a right is violated is not the same as stating facts that might raise an issue of federal law that confers jurisdiction on this court. The objection is overruled.

Defendants also object to the report and recommendation of the Magistrate Judge because it failed to acknowledge that the plaintiff conceded the existence of a substantial federal question. This objection is irrelevant. The court has an obligation to consider whether it has jurisdiction over a particular matter, regardless of the arguments made by the parties. While the plaintiff chose to argue that the matter should be remanded based on the *Rooker-Feldman* abstention doctrine, the Magistrate Judge did not address *Rooker-Feldman*.

However, after conducting its *de novo* review, the court agrees that the *Rooker-Feldman* doctrine applies to this case, and the motion to remand should be granted for this additional reason. It is well settled that, as a jurisdictional matter, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). This principle is drawn from the United States Supreme Court's holdings in *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The so called *Rooker–Feldman* doctrine is not "limited to actions ... which candidly seek review of the state court decree; it extends to others in which 'the constitutional claims presented [in federal court] are inextricably intertwined with the state court's' grant or denial of relief." *Hale*, 786 F.2d at 691 (quoting *D.C. Ct. App.*, 460 U.S. at 482 n.16). In such cases, "the District Court is in essence being called upon to review the state court decision ... [which it] may not do." *Id.* "Judicial errors committed in state courts are for correction in the state court systems." *Id.* This is because these types of cases

are merely impermissible collateral attacks on the state-court judgments. *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003). Defendants are attempting to circumvent the state appeals process and now assert due process claims that arise only due to the state court's default judgment against the defendants. This court lacks jurisdiction to review the state court's default judgment, and the court finds that, for this additional reason, plaintiff's motion for remand is granted and the defendants' objection is overruled.

Defendants also object because the Magistrate Judge failed to consider three of the four elements set forth to determine whether there is federal question jurisdiction. The Magistrate Judge considered only the first element, which is whether a federal right is an essential element of the state law claim. The Magistrate Judge found that a federal right was not an essential element of the state law claim. Although the Magistrate Judge did not consider the remaining three elements, this court has determined that plaintiff's motion to remand should be granted based on the additional reason that the *Rooker-Feldman* doctrine applies, and thus, this objection is moot. It was not necessary for the Magistrate Judge to consider those elements, and Defendants' objection is overruled.

Defendants object because the Magistrate Judge failed to "report that a sheriff's sale is void if issued without due process." [Doc. #12 at 10]. However, the Magistrate Judge was not addressing the issue of whether the sheriff's sale in this case was void. In fact, it would have been improper to do so given the fact that the subject matter of the motion to remand was the court's jurisdiction to consider the ultimate issues in the case. Thus, Defendants' objection is overruled.

Defendants object because the Magistrate Judge "failed to apply the United States Supreme Court holding in *Jones v. Flowers*, 547 U.S. 220 (2006)." [Doc. #12 at 10]. This
4

assertion is not true. The Magistrate Judge discussed the Supreme Court's holding in *Flowers*, noting that it may be instructive and applicable to the overall outcome of the case, but indicating that it did not confer to the court jurisdiction over the present suit or state that the notice issue is a federal question. [Doc. #11 at 6-7]. This court agrees, and Defendants' objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the defendants' objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #11] is hereby adopted, and Plaintiff's Motion to Remand [Doc. #6] is **GRANTED.** This case is remanded to the Justice of the Peace Court, Precinct 6, Denton County, Texas.

All motions by either party not previously ruled on are DENIED.

So **ORDERED** and **SIGNED** this **24** day of **October, 2013.**

_____
Ron Clark, United States District Judge